Filed 7/17/13  P. v. Chester CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LENARD LEN CHESTER,<br><br>     Defendant and Appellant. | 2d Crim. No. B242554<br>(Super. Ct. No. 56-2008-333119-MH-VP-VTA)<br>(Ventura County) |

Lenard Len Chester appeals from an order, entered after jury trial, committing him to the State Department of State Hospitals as a sexually violent predator. (SVP; Welf. & Inst. Code, § 6600 et seq.)[1]  We appointed counsel to represent appellant. After counsel's examination of the record, counsel filed an opening brief raising no issues and requested that we independently review the record pursuant to *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] and *People v. Wende* (1979) 25 Cal.3d 436, which the court may do in its discretion.  (See *Conservatorship of Ben. C.* (2007) 40 Cal.4th 529, 544, fn. 7.)

On June 11, 2013, we advised appellant that he had 30 days within which to

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

personally submit any contentions or issues he wished us to consider. On July 1, 2013, we received a supplemental letter brief from appellant stating, among other things, that paraphilia NOS is not listed as a mental disorder in the recently published DSM-V. (See *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1157 [no requirement that mental disorder be specifically defined in the DSM-IV]; *People v. Williams* (2003) 31 Cal.4th 757, 761 [SVP commitment based on paraphila NOS]; *People v. Burris* (2002) 102 Cal.App.4th 1096, 1110 [SVP commitment based on paraphilia involving rape and antisocial personality disorder].) Appellant also asserts that the Sexually Violent Predator Act (§ 6600 et seq.) violates his equal protection and due process rights because it was amended to provide for an indeterminate commitment.[2] (See *People v. McKee* (2012) 207 Cal.App.4th 1325, 1348 [no equal protection violation]; *People v. McDonald* (2013) 214 Cal.App.4th 1367, 1371-1372 [no due process or equal protection violation]; *People v. McCloud* (2013) 213 Cal.App.4th 1076, 1085-1086 [same]; *People v. Landau* (2013) 214 Cal.App.4th 1, 47-48 [same].)

The record shows that, appellant was convicted in 1982 of three counts of rape by force (Pen. Code § 261(2)) and one count of assault to commit rape (§ 220) during the commission of a burglary or robbery. Appellant was sentenced to 44 years state prison.

On December 12, 2008, the Ventura County District Attorney filed a petition for commitment as a sexually violent predator. (§ 6600 et seq.) The trial court found that appellant was likely to engage in sexually violent predatory criminal behavior upon his release, and set the matter for trial.

At trial, two psychologists (Doctor Steven Jenkins and Doctor Thomas MacSpeiden) opined that appellant currently suffered from paraphilia NOS, non-

---

[2] In 2006 section 6604 was amended to provide for indeterminate terms of commitment. (See Stats.2006, ch. 337, § 55; *People v. Whaley* (2008) 160 Cal.App.4th 779, 786.) The committed person must be mentally examined every year to determine whether he or she currently meets the SVP definition (§ 6605), and may petition for conditional release or discharge at least annually (§§ 6605, subd. (b); 6608).

consensual, that appellant met all the SVP criteria, and that appellant was predisposed to commit violent sexual criminal acts. Doctor Brian Abbott, a licensed clinical psychologist, opined that appellant did not suffer from paraphilia NOS and stated that there is no diagnostic criteria in the DSM-IV diagnostic manual for paraphilia NOS non-consensual, as applied to appellant.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment (SVP commitment order) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

James P. Cloninger, Judge

Superior Court County of Ventura

_____


Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Respondent.